MERRITT & CHAPMAN DERRICK & WRECKING CO. v. CHUBB et al.

(Circuit Court of Appeals, Second Circuit. November 22, 1901.)

No. 30.

ADMIRALTY—CLAIM FOR SALVAGE—INTEREST.
    Where a libelant made greatly exaggerated claims for salvage services and towage, he will not be allowed interest on the amount recovered.[1]

Appeal from the District Court of the United States for the Southern District of New York.

James E. Carpenter, for appellant Merritt & Chapman Derrick & Wrecking Co.
Robt. D. Benedict, for appellant Catskill & N. Y. Steamboat Co.
Joseph Laracque, for appellees.

Before WALLACE, LACOMBE, and TOWNSEND, Circuit Judges.

PER CURIAM. From the testimony in the case we are satisfied that the services of the libelant in and about the raising of the wreck of the Catskill were rendered upon an agreement with Chubb & Son that they should be compensated for as salvage services only in proportion to value of remnants salved. We see no reason, upon the testimony, to question the propriety of the amount found by the court ($500). Under the pleadings, and upon the proofs, we think the district court erred in decreeing for this sum against the steamboat company. The decree should have been against Chubb & Son. If they are entitled to recover over against the company by reason of its improperly retaining proceeds of sale, they may do so by proper proceedings. We find upon the evidence in the record that the only services rendered by the libelants for the Catskill & New York Steamboat Company or for its benefit, were the towage services rendered at its request after the vessel had been raised. We find no com-

[1] Salvage awards in federal courts, see note to The Lamington, 30 C. C. A. 280.

petent evidence in the record as to the value of these services, aside from the admission in the answer of the company that they were worth $100. Although separate controversies against different parties were joined in the same libel, there was no objection, and the cause was tried as though the joinder were proper. The only decree authorized by the evidence was a decree against Chubb & Son for $500, and against the steamboat company for $100. In view of the exaggerated claims made by the libelant, no interest should be allowed as against either respondent.

Decree is reversed and cause' remanded, with instructions to decree in conformity with this opinion.